United States District Court
Southern District of Texas

**ENTERED**

July 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MCKAYLA R. SHELTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-4511 |
| | § | |
| LAKEVIEW LOAN SERVICING, | § | |
| LLC & LOANCARE LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant Lakeview Loan Servicing, LLC and

LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss (Document No. 12), and

Plaintiff's Motion for Preliminary Injunction (Document No. 3). Having considered

the motions, submissions, and applicable law, the Court determines that Defendants'

motion should be granted and that Plaintiff's motion should be denied.

## I. BACKGROUND

This is an insurance matter involving damage to a property caused by

Hurricane Beryl in July of 2024. Plaintiff owns the real property located at 3232 E.

Berry Street, Houston, Texas 77004 (the "Property"). The Property is a triplex with

three residential rental units. Defendant Lakeview Loan Servicing, LLC

("Lakeview") is the mortgage servicer for the Property and Defendant LoanCare,

LLC ("LoanCare") is the sub-servicer (collectively "Defendants"). Plaintiff alleges

that Defendants refused to disburse "$29,774.45 in hazard insurance proceeds" following hurricane damage.[1]

Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims for: (1) various violations of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the Texas Deceptive Trade Practices Act; and (3) breach of contract.[2] On June 8, 2026, Plaintiff moved for a preliminary injunction.[3] On July 1, 2026, Defendants moved to dismiss for failure to state a claim.[4] On July 13, 2026, Plaintiff responded in opposition to Defendants' motion.[5] On July 20, 2026, Defendants responded in opposition to Plaintiff's motion.[6]

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must

---

[1] *Plaintiff's Complaint*, Document No. 1 at 2.

[2] *See Plaintiff's Complaint*, Document No. 1 at 19, 26, 30, 33.

[3] *See Plaintiff's Motion for Preliminary Injunction*, Document No. 3 at 1.

[4] *See Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 1.

[5] *See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 14 at 1.

[6] *See Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Response in Opposition to Plaintiff's Motion for Preliminary Injunction*, Document No. 15 at 1.

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss Plaintiff's claims, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff moves for a preliminary injunction. The Court will consider, in turn, Defendants' motion to dismiss followed

3

by Plaintiff's motion for a preliminary injunction. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Defendants' Motion to Dismiss (Document No. 12)

Defendants move to dismiss all of Plaintiff's claims, contending that each fails to state a claim upon which relief can be granted. In response, Plaintiff contends that her claims are sufficiently pled. The Court will consider, in turn, the merits of each claim Plaintiff brings against Defendants.

### 1. RESPA Claims

Plaintiff contends that Defendants violated RESPA by: (1) failing to adequately respond to a notice of error; and (2) making false, misleading, and deceptive statements in connection with servicing.[7] Defendants contend that Plaintiff's RESPA claims fail to state a claim upon which relief can be granted because RESPA is inapplicable "to commercial loans."[8] In response, Plaintiff contends that RESPA does cover the loan in question in this matter.

RESPA applies to a "federally related mortgage loan" which includes a loan that is "secured by a first or subordinate lien on residential real property . . . designed principally for the occupancy of from one to four families[.]" 12 U.S.C. § 2602(1). However, the Court notes the clear "[b]usiness purpose loans" exception to RESPA

---

[7] *Plaintiff's Complaint*, Document No. 1 at 19, 26.

[8] *Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 4.

coverage. *See* 12 C.F.R. § 1024.5(b). Regulation Z, which is incorporated by reference in Regulation X, specifically exempts "an extension of credit primarily for a business, commercial or agricultural purpose" from RESPA coverage. 12 C.F.R. § 1026.3(a). Most pertinent here, "[c]redit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes." 12 C.F.R. pt. 1026, Supp. I, cmt. 3(a)(4).

Here, it is not disputed that the Property is a triplex that Plaintiff rents out and does not occupy.[9] As such, Defendants contend that RESPA is inapplicable.[10] In response, Plaintiff contends that "[b]efore reaching the business-purpose exclusion, RESPA's own coverage definition confirms this loan falls within, not outside, the statute's scope."[11] The Court notes that statutes and the regulations interpreting them are read together, not one after the other. *See Utility Air Regulatory Group v. E.P.A.*, 573 U.S. 302, 320 (2014). Based on the foregoing, and the clear language of the regulations interpreting RESPA, the Court finds that the loan in question in this matter is for a business purpose, and thus, RESPA is inapplicable. Therefore, the

---

[9] *See Plaintiff's Complaint*, Document No. 1 at 3.

[10] *See Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 4.

[11] *See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 14 at 16.

Court finds that Defendants' motion should be granted with respect to Plaintiff's RESPA claims. The Court will now turn to Plaintiff's Texas Deceptive Trade Practices Act ("Texas DTPA") claim.

### 2. Plaintiff's Texas DTPA Claim

Defendants contend that Plaintiff's Texas DTPA claim should be dismissed because Plaintiff is not a consumer and because the Texas DTPA does not apply to loan servicing.[12] In response, Plaintiff contends, in relevant part, that "[t]he insurance proceeds here are not a payment stream apart from the Property — they are the contractual substitute for its physical restoration[.]"[13]

The elements of a Texas DTPA action are: "(1) the plaintiff is a consumer[;] (2) the defendant engaged in false, misleading, or deceptive acts[;] and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). A consumer is defined as "an individual who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code § 17.45. Generally, money is not considered a good for purposes of being a consumer under the Texas DTPA. *See Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980).

---

[12] *See Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 8, 9.

[13] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 14 at 23.

Here, Defendants contend that Plaintiff is not a consumer under the Texas DTPA because "'[g]enerally, a person cannot qualify as a consumer if the underlying transaction is a pure loan[.]'"[14] In response, Plaintiff contends that the harms suffered "are physical damage to a specific structure, unfolding as a direct consequence of Defendants' handling of the funds earmarked to stop it" and thus, that Plaintiff is a consumer under the Texas DTPA.[15] The Court has reviewed the Complaint in this matter and notes that Plaintiff's claims are based on "the refusal of Defendants . . . to disburse $29,774.45 in hazard insurance proceeds[.]"[16] However, the Court further notes that Plaintiff later pleads that "[t]he basis of this complaint is the hurricane damage to the real property itself — a consumer good — and Defendants' deceptive written representation that prevented Plaintiff from repairing that property."[17] Plaintiff's theory would effectively make consumer status under the Texas DTPA dependent on the nature of damages rather than the nature of the transaction. Despite Plaintiff's contention that the basis of this claim is the

---

[14] *Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 9 (quoting *Bejjani v. Wilmington Tr. Co.*, No. H-10-2727, 2011 U.S. Dist. LEXIS 93580, at *15–16 (S.D. Tex. Aug. 22, 2011)).

[15] Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Document No. 14 at 23.

[16] *Plaintiff's Complaint*, Document No. 1 at 2.

[17] *Plaintiff's Complaint*, Document No. 1 at 30.

hurricane damage, the Court notes the basis of Plaintiff's claim nonetheless involves the disbursement of money, not the property itself nor the repairs anticipated to be completed.[18] Based on the foregoing, and the guidance of the Texas Supreme Court that money is not considered a good for purposes of consumer status under the Texas DTPA, the Court finds that Plaintiff is not a consumer for purposes of the Texas DTPA, and therefore, that Defendants' motion should be granted with respect to this claim.[19] The Court will now consider Plaintiff's breach of contract claim.

## 3. *Plaintiff's Breach of Contract Claim*

Defendants move to dismiss Plaintiff's breach of contract claim, contending that Plaintiff has failed to show that Defendants breached the contract.[20] In response,

---

[18] *See Plaintiff's Complaint*, Document No. 1 at 31 ("On September 22, 2025 Defendants sent Plaintiff a written letter representing that her claim was eligible for the characteristic of expedited processing[.] Plaintiff, through their written responses, stated that the specific documentation requirements were the obstacle to disbursement.").

[19] Considering the Court's finding that Plaintiff is not a consumer for purposes of the Texas DTPA, the Court declines to consider Defendants' remaining argument related to the applicability of the DTPA to loan servicing. The Court has considered that money can, in very limited circumstances, be considered a good for purposes of the DTPA. *See Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705, 708 (Tex. 1983) (holding that a loan was a good because Plaintiffs "did not seek to borrow money; they sought to acquire a house. The House thus forms the basis of their complaint."). The Court distinguishes this case from *Flenniken* noting that, unlike *Flenniken*, here the basis of Plaintiff's Complaint and the alleged deceptive acts are related to the processing and disbursement of funds. The repairs here are not the good Plaintiff seeks to acquire from Defendants; the money is.

[20] *Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 10.

Plaintiff contends that Defendants did breach and rely on an improper reading of the contract.[21]

A breach of contract claim in Texas requires proof of: "(1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) 'the plaintiff sustained damages as a result of the breach'" *S&S Emergency Training Solutions, Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) (citation omitted).

The Court has reviewed the contract in question in this matter and notes the following provisions. "Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property[.]"[22] "During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction[.]"[23]

Here, Plaintiff contends that Defendants breached the contract "[b]y refusing to apply the proceeds to restoration after the mandatory obligation had been triggered

---

[21] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 14 at 8.

[22] *Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12, Exhibit A at 8 (Contract).

[23] *Contract, supra* note 22 at 8.

9

and then required documentation confirmed received[.]"[24] Defendants move to dismiss Plaintiff's breach of contract claim contending that "[a] reading of the entire Deed of Trust reveals that Defendants were well within their rights to hold the insurance proceeds until they were satisfied with the repairs."[25] In response, Plaintiff contends that: (1) the clause upon which Defendants rely "presupposes a repair process is already underway[;]" (2) that "it is Defendants' inspection — not any condition within Plaintiff's control — that was never undertaken[;]" (3) that ambiguity should be decided by a jury; and (4) that "[a]n inspection-hold clause that presupposed a good-faith inspection process cannot excuse nonperformance where the record reflects no inspection was ever attempted[.]"[26]

The Court rejects Plaintiff's aforementioned arguments and finds that there is no ambiguity in the present contract. Per Plaintiff's own admission, "[n]o repairs have been completed to date[.]"[27] Plaintiff's first argument contends that the applicable provisions of the contract presuppose a repair process is already underway. The Court disagrees and finds that the clause, to the extent it presupposes

---

[24] *Plaintiff's Complaint*, Document No. 1 at 36–37.

[25] *Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 12.

[26] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 14 at 8–12.

[27] *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*, Document No. 14 at 7.

anything, presupposes that repairs have not been completed, which is exactly the case here. In response to Plaintiff's remaining arguments, the Court notes that Defendants have not had the chance to complete any inspection because no repairs have been completed or even begun. Based on the foregoing, and the clear guidance of the Texas Supreme Court that a breach of contract claim requires a showing of breach, the Court finds that Plaintiff has failed to plead that Defendants breached the contract, and thus, that Defendants' motion to dismiss should be granted with respect to this claim.[28] The Court will now turn to Plaintiff's pending motion for a preliminary injunction.

*B. Plaintiff's Motion for Preliminary Injunction (Document No. 3)*

Plaintiff moves for a preliminary injunction "ordering Defendants . . . to endorse Plaintiff's reissued hazard insurance check . . . and return it to Plaintiff[.]"[29] In response, Defendants contend that "Plaintiff's Motion should be denied because

---

[28] Considering the Court's finding that Defendants have not breached the contract, the Court declines to consider Defendants' remaining argument related to breach by Plaintiff.

[29] *Plaintiff's Motion for Preliminary Injunction*, Document No. 3 at 1.

11

she cannot establish any of the four required elements for preliminary injunction relief."[30]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of a preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n v. Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

Here, the Court notes that, considering the Court's prior findings that Plaintiff fails to state a claim upon which relief can be granted, Plaintiff is unable to establish that she is likely to succeed on the merits of any of her claims. Based on the

---

[30] *Defendant Lakeview Loan Servicing, LLC and LoanCare, LLC's Response in Opposition to Plaintiff's Motion for Preliminary Injunction*, Document No. 14 at 2. The Court notes that Defendants' response was filed on July 13, 2026, and that the present motion was filed on June 8, 2026. As such, Defendants' response is untimely. *See* S.D. Tex. Local R. 7.4. Nonetheless, the Court notes that Defendants' first appearance in this matter was on July 1, 2026. *See Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss*, Document No. 12 at 1. Based on the foregoing, the Court will consider Defendants' response as it relates to Plaintiff's pending motion for preliminary injunction.

foregoing, and the clear guidance of the Supreme Court that a showing of likelihood of success on the merits is required for a preliminary injunction, the Court finds that Plaintiff's motion should be denied.

### IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Lakeview Loan Servicing, LLC and LoanCare, LLC's Rule 12(b)(6) Motion to Dismiss (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's Motion for Preliminary Injunction (Document No. 3) is **DENIED**.

**ORDERS** that all pending motions in this matter are hereby **DENIED AS MOOT**. The Court further

**ORDERS** that Plaintiff's claims against Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC are **DISMISSED**.

SIGNED at Houston, Texas, on this **23** day of July, 2026.

DAVID HITTNER
United States District Judge

13