IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

McKAYLA R. SHELTON,
        Plaintiff,

v.

LAKEVIEW LOAN SERVICING, LLC and
LOANCARE, LLC,
        Defendants.

Civil Action No. 4:26-cv-04511

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND ALTERNATIVE RELIEF

Before the Court is Plaintiff McKayla R. Shelton's Motion for Preliminary Injunction, as supplemented. Having considered the motion, the supplement, the exhibits submitted therewith, Defendants' response, and the applicable law, the Court finds as follows:

1. Plaintiff has demonstrated a substantial likelihood of success on the merits of her claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and Regulation X, 12 C.F.R. Part 1024; the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.46(b) and 17.50; and for breach of contract under Texas law arising from Defendants' failure to apply insurance proceeds to restoration or repair of the Property as required by Section 5 of the Deed of Trust.

2. Plaintiff will suffer irreparable harm absent injunctive relief. Reissued insurance Check No. 20026099 expires on July 29, 2026. That reissuance was a discretionary accommodation by non-party SafePort Insurance Company, which has no obligation to repeat it and has declined to issue a further reissuance at this time. The Property, an occupied residential triplex, continues to sustain progressive structural deterioration from unrepaired water infiltration, and is the subject of a Notice of Violations issued by the City of Houston on July 17, 2026 directing Plaintiff to repair damage to the structure caused by water infiltration.

3. The balance of hardships favors Plaintiff. Defendants' own written communications state that all required documentation was received and verified no later than November 19, 2025. The relief

ordered requires only performance of an obligation Defendants already owe with respect to the application of insurance proceeds to restoration of the Property, and imposes no cognizable burden on Defendants.

4. The public interest favors relief, given the habitability and safety interests of the occupants of 3232 E. Berry Street, Houston, Texas 77004, the public interest in preventing the physical deterioration of occupied residential housing, and the public interest in enforcement of RESPA's mandatory error resolution requirements.

**Accordingly, it is hereby ORDERED that:**

1. Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC, and their officers, agents, servants, employees, and attorneys, are ORDERED to endorse any check for the Insurance Proceeds in the amount of $29,774.45 issued by SafePort Insurance Company and payable jointly to DTL Global, LLC and McKayla Shelton AND Lakeview Loan Servicing, LLC ISAOA/ATIMA C/O LoanCare, LLC, and to return the endorsed instrument to Plaintiff, within five (5) business days of Defendants' receipt of that instrument. Defendants shall transmit the endorsed instrument to Plaintiff by overnight delivery and shall provide Plaintiff with tracking information within twenty-four (24) hours of mailing.

2. In the event no such instrument is issued by SafePort Insurance Company and received by Plaintiff or Defendants within twenty (20) days of the date of this Order, Defendants are ORDERED to pay the sum of $29,774.45 directly to Plaintiff, as owner of the Property, within five (5) business days thereafter, for application to restoration or repair of the Property at 3232 E. Berry Street, Houston, Texas 77004. Defendants shall file notice of compliance with this paragraph within three (3) business days of payment.

3. Compliance with paragraph 1 or paragraph 2 of this Order shall not resolve, narrow, waive, or moot any of Plaintiff's claims or requests for damages in this action, all of which are expressly preserved without prejudice.

4. Pursuant to Federal Rule of Civil Procedure 65(c), the Court finds that Defendants face no cognizable risk of monetary loss from this injunction, which requires only the performance of an

obligation Defendants already owe with respect to the application of insurance proceeds to restoration of the Property. Accordingly, no security is required as a condition of this Order.

5. This Order shall remain in effect pending further order of this Court.

SO ORDERED this _____ day of _____, 2026.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE
Southern District of Texas, Houston Division